NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3041

CHARLES D. ADAMS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Charles D. Adams, of Herndon, Virginia, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3041

CHARLES D. ADAMS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of Merit Systems Protection Board in DC0752090620-I-1.

_____

DECIDED: April 13, 2010

_____

Before NEWMAN, LOURIE, <u>Circuit Judges</u>, and GUILFORD, <u>District Judge</u>.[*]

PER CURIAM.

Charles D. Adams petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the Missile Defense Agency's indefinite suspension of Mr. Adams from his position, based on the Defense Intelligence Agency's suspension of his security clearance.[1] Security clearance rulings of federal agencies are not reviewable

_____

[*] Honorable Andrew J. Guilford, District Judge, United States District Court for the Central District of California, sitting by designation.

[1] <u>Adams v. Department of Defense</u>, DC-0752-09-0620-I-1 (M.S.P.B. Aug. 12, 2009) (Initial Decision); (M.S.P.B. Sept. 23, 2009) (Final Order).

by the Board, or by this court other than to ascertain whether the petitioner received due process of law.  On this basis, the Board's decision is <u>affirmed</u>.

BACKGROUND

Mr. Adams was employed as an Information Technology Specialist with the Security Intelligence Operations Directorate of the Missile Defense Agency ("MDA").  His position required him to maintain a Top Secret security clearance with access to Sensitive Compartmented Information.  By letter dated April 2, 2009, the Defense Intelligence Agency ("DIA") informed Mr. Adams that it intended to revoke his access to sensitive compartmented information and that his access to sensitive compartmented information and collateral classified information was suspended until its final decision.  Enclosed with this letter was a statement of the reasons for the DIA's decision.  The reasons, unchallenged by Mr. Adams, included having a personal cell phone in a classified area, having over 100 unauthorized CD-ROMs in a classified area, and transferring sensitive but unclassified files to his personal iPOD on at least 30 occasions.  The DIA placed Mr. Adams on paid administrative leave on April 7, 2009.

On May 13, 2009 the MDA notified Mr. Adams that it intended to place him on unpaid indefinite suspension, based on the suspension of his access to sensitive compartmented information and collateral classified information.  On May 14, 2009, Mr. Adams responded by email stating many reasons why he should be allowed to remain on administrative leave, including that the identified violations were insignificant in view of his long history of successful employment with the agency, contesting the fairness of the suspension of his security clearance, and asserting a motive of retaliation.  The MDA

acknowledged Mr. Adams' email, but placed him on indefinite unpaid suspension. The Board affirmed, and this appeal followed.

## DISCUSSION

Mr. Adams argues that the suspension of his security clearance, and resulting indefinite suspension of his employment, was unfair, and that the agency's action was taken in retaliation. However, neither the Board nor this court has authority to review the merits of a security clearance action. In Department of the Navy v. Egan, 484 U.S. 518, 529 (1988), the Court directed that "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." The suspension of Mr. Adams' security clearance is the sole province of the agency, for "an agency head who must bear the responsibility for the protection of classified information committed to his custody should have the final say in deciding whether to repose his trust in an employee who has access to such information." Id. Such prohibited merits review includes review of the agency's motives, and the Board correctly held that it had no authority to review Mr. Adams' charge of retaliation.

An employee whose security clearance is suspended for cause under 5 U.S.C. §7513 is entitled to the procedural protections of due process at the agency of employment. Egan, 484 U.S. at 530. These procedural protections include the provision of notice of denial or revocation of the security clearance; a statement of the reason(s) upon which the action was based; and an opportunity to respond. 5 U.S.C. §7513(b). Mr. Adams does not allege that the MDA violated any procedural protection, and the Board found that the MDA had duly complied with the statute.

Mr. Adams further argues that the agency's remedy was improper, and that he should have been continued on paid administrative leave rather than have his employment suspended. An agency may take an adverse action "only for such cause as will promote the efficiency of the service." 5 U.S.C. §7513(a). The Board found that the MDA's suspension of Mr. Adams' employment, following the suspension of his security clearance, promoted the efficiency of the service because all MDA positions require an active security clearance. The Board found no obligation that he be sustained on paid leave, and we agree that due process does not so require.

Mr. Adams also states that the MDA should have placed him in a position that did not require access to sensitive and classified information. However, precedent has established that an employee is not entitled to a transfer to a nonsensitive position absent a separate transfer right arising from some source other than §7513. See Griffin v. Defense Mapping Agency, 864 F.2d 1579, 1581 (Fed. Cir. 1989) ("Section 7513 contains no obligation to transfer to a nonsensitive position if possible."). Mr. Adams has not identified such a right or source, and the Board found that within the MDA all positions required an active security clearance with access to classified information; the Board also found that the MDA has no policy or regulation requiring the agency to transfer an employee whose security clearance has been suspended to a nonsensitive position. The due process obligations set forth in Egan do not include the obligation to retain or transfer the employee to another position.

The Board's decision sustaining the agency's action must be affirmed.

No costs.