# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES DERECK ADAMS,
      Appellant,

v.

DEPARTMENT OF DEFENSE,
      Agency.

DOCKET NUMBER
DC-0752-14-1033-I-1

DATE: April 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Dereck Adams, Herndon, Virginia, pro se.

James J. Delduco, Esquire, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an appeal of his indefinite suspension, effective June 15, 2009, and his removal, effective June 29, 2010. Initial Appeal File (IAF), Tab 1 at 4-10, 15. With his appeal, he submitted a copy of an August 5, 2014 final agency decision (FAD) implementing an Equal Employment Opportunity Commission (EEOC) decision finding no discrimination with respect to his formal complaint in which he alleged that his indefinite suspension and removal, among other actions, constituted discrimination on the basis of his race and reprisal for his prior equal employment opportunity activity. IAF, Tab 1 at 4-10. The agency's FAD treated the appellant's complaint as a mixed-case complaint and notified him of his right to file a Board appeal within 30 calendar days of his receipt of the FAD. IAF, Tab 1 at 8.

The agency filed a motion to dismiss the appeal on the basis of res judicata, asserting that the appellant had previously appealed both his indefinite suspension and his removal to the Board and the U.S. Court of Appeals for the Federal Circuit, and final decisions had been issued in both appeals in favor of

the agency.[2]  IAF, Tab 3 at 4-5.  With respect to the appellant's indefinite suspension, the agency submitted copies of decisions showing that the appellant had previously appealed the action to the Board, and the Board affirmed his indefinite suspension.  IAF, Tab 3 at 7-17; MSPB Docket No. DC-0752-09-0620-I-1, Initial Decision (Aug. 12, 2009), Final Order (Sept. 23, 2009).  In addition, the agency included a copy of the Federal Circuit's decision also affirming the indefinite suspension action.  IAF, Tab 3 at 18-20; *see Adams v. Department of Defense*, 371 F. App'x 93 (Fed. Cir. 2010).

¶4        Similarly, with respect to the appellant's removal, the agency submitted copies of decisions showing that the appellant had previously appealed the action to the Board and the Board affirmed his removal.  IAF, Tab 3 at 21-29; MSPB Docket No. DC-0752-10-0741-I-1, Initial Decision (Sept. 28, 2010), Final Order (Mar. 4, 2011).  The agency also included a copy of the Federal Circuit's decision in *Adams v. Department of Defense*, 688 F.3d 1330 (Fed. Cir. 2012), a consolidated appeal that affirmed the Board's final order with respect to the appellant's removal and remanded his appeal concerning the denial of his request for early retirement under Voluntary Early Retirement Authority (VERA).  IAF, Tab 3 at 30-39.

¶5        Consequently, the administrative judge issued an order to show cause setting forth the appellant's burden to show that his appeal was not barred by res judicata and ordering him to respond.  IAF, Tab 8.  In response, the appellant argued that res judicata did not apply because his appeal related to a June 25, 2014 EEOC decision and not his prior appeals to the Board and that he filed the appeal pursuant to the notice of appeal rights in the FAD.  IAF, Tab 9 at 4.

¶6        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appellant's appeal as barred by res judicata.  IAF, Tab 15, Initial Decision (ID).  The administrative judge

---

[2] The agency also asserted that in its FAD it had mistakenly provided the appellant with mixed-case appeal rights.  IAF, Tab 3 at 4.

determined that both the indefinite suspension and removal appeals had previously been decided because prior judgments on the merits had been rendered by a forum with competent jurisdiction and the same cause of action and the same parties or their privies were involved in both cases. ID at 3. The administrative judge also noted that he would not address the appellant's remanded appeal of the agency's denial of his request for early retirement because it was pending before another administrative judge.[3] ID at 4.

¶7 The appellant has filed a petition for review in which he does not address the issue of res judicata, but instead asserts that the initial decision is unfair, unjust, and not in accordance with law and that the administrative judge erred in not affording him a hearing and in failing to address various issues concerning the merits of his appeal. Petition for Review (PFR) File, Tab 2. The appellant further asserts that new and material evidence, including testimony from key witnesses and an unclassified H drive containing information relating to discrimination and retaliation, is available.[4] PFR File, Tab 2 at 10, 14. Finally, the appellant reargues the merits of his indefinite suspension and removal appeals, as well as the other actions addressed in the FAD, and submits numerous attachments to his petition addressing the merits of such actions.[5] PFR

---

[3] The appellant's VERA appeal remains pending before another administrative judge at the regional level. MSPB Docket No. DC-3443-10-0711-B-1. Thus, we see no error in the administrative judge's dismissal of the VERA appeal. *See, e.g.*, *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990) (finding the Board may, in the interest of judicial efficiency, dismiss an appeal due to the pendency of another appeal before the Board, so long as the identity of the issues exists and the controlling issues in the dismissed appeal will be determined in the other appeal).

[4] We are unable to consider such evidence because the appellant has not included it with his petition and contends that the agency continues to make it unavailable to him. PFR File, Tab 2 at 14. In any event, such evidence would not be material under 5 C.F.R. § 1201.115(d) because it is not relevant to the issue of res judicata and thus would not warrant an outcome different from that of the initial decision. *See, e.g.*, *Le v. U.S. Postal Service*, 114 M.S.P.R. 430, ¶ 6 (2010).

[5] For example, the appellant attaches a copy of EEOC's decision granting summary judgment in favor of the agency, letters and appeals challenging the merits of the EEOC

File, Tab 2 at 6-12, 15-24, Tabs 5, 8-20. The agency has filed a response in opposition to the appellant's petition and the appellant has filed a reply. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The appellant's arguments on review do not provide a basis to disturb the initial decision to the extent that he fails to allege any specific error in the administrative judge's application of res judicata in the instant matter. PFR File, Tab 2. In addition, because the material facts relevant to the res judicata issue are undisputed, we find that the administrative judge did not err in declining to conduct a hearing.

¶9 Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

¶10 As the administrative judge correctly found, the record indicates that all of these criteria are satisfied. ID at 3. The prior judgements, affirming the appellant's indefinite suspension and removal, were rendered by a forum with

---

administrative judge's decision, deposition notes, witness lists, and documents relating to motions he filed before the EEOC as well as other documentation addressing the merits of the agency's actions. PFR File, Tabs 5, 8-20. The Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Thus, to the extent that the appellant's evidence was available prior to the close of the record and not submitted we need not consider it now, and, in any event, he has not shown how his submissions are relevant to the issue currently before the Board, whether the appellant's appeal is precluded under the doctrine of res judicata.

competent jurisdiction, the Federal Circuit, pursuant to 28 U.S.C. § 1295(a)(9), and thus the first element is met. The second and third elements are also met. The appellant has provided no evidence that he pursued any further appeals of the Federal Circuit's decisions. Therefore, the Federal Circuit decisions were final judgments on the merits for purposes of res judicata.[6] Last, like his prior cases, the instant appeal involves the same causes of action, review of his June 15, 2009 indefinite suspension and June 29, 2010 removal, and the same parties, the appellant and the Department of Defense, were involved in both the initial appeals and the appeal currently before us. Accordingly, we agree with the administrative judge that this appeal is barred by res judicata.[7]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[6] The Federal Circuit issued final judgments on the merits concerning whether the appellant was provided the statutorily mandated due process to which he was entitled with respect to his indefinite suspension and removal following the revocation of his security clearance, but found that it could not consider the appellant's claims that such actions were discriminatory or taken in retaliation because it lacked the authority to review the merits of a security clearance action. *Adams*, 371 F. App'x at 95-96; *Adams*, 688 F.3d at 1334. To the extent that the appellant now asserts a new theory of discrimination based on his race in connection with his indefinite suspension appeal, he is barred by res judicata from raising it in the instant appeal because he could have raised it in the prior appeal, but did not. *See, e.g.*, *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶ 8 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003).

[7] The agency's issuance of a FAD, which erroneously included Board appeal rights, does not convey Board appeal rights to the appellant. *See Campion v. Merit Systems Protection Board*, 326 F.3d 1210, 1215 (Fed. Cir. 2003) (the Board's jurisdiction cannot be expanded by the agency's erroneous notice of appeal rights).

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.