## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES DERECK ADAMS,
     Appellant,

     v.

DEPARTMENT OF DEFENSE,
     Agency.

DOCKET NUMBER
DC-3443-15-0768-I-1

DATE: October 27, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Dereck Adams, Herndon, Virginia, pro se.

James J. Delduco, Esquire, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On May 26, 2015, the appellant filed an appeal in which he alleged that in 2009, the agency had illegally "pull[ed him] back" from an IT Specialist position with its "OUSD" (Comptroller) after he had been formally "out processed" from his previous position with the agency's Missile Defense Agency (MDA) and after he had reported for duty at the new job. Initial Appeal File (IAF), Tab 1 at 4. In support, he submitted a copy of the agency's January 23, 2009 letter confirming the offer of employment for the position of IT Specialist. *Id.* at 5. The letter stated that the effective date of the appellant's reassignment was February 1, 2009, and that he should report on February 2, 2009. *Id.* The appellant also submitted documents showing that he was processed out of his previous job on January 30, 2009. *Id.* at 6-11. He claimed that the agency's action was "a clear violation of prohibited personnel actions." *Id.* at 4.

¶3 In acknowledging the appeal, the administrative judge ordered the appellant to file evidence and argument showing that his reassignment to another position without a loss of grade or pay is within the Board's jurisdiction. IAF, Tab 2. She also ordered him to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. *Id.*

¶4 In response, the appellant alleged that he had been subjected to discrimination, disparate treatment, and retaliation by the MDA, and that its bad

faith and behavior "nullifie[d]" the timeliness and jurisdictional requirements.[2] IAF, Tab 6 at 8, Tab 8 at 8. He also claimed that there were numerous conflicts of interest and "Cultural/Organizational Bias." IAF, Tab 6 at 12, Tab 8 at 12. He stated that the basis of the appeal was employer discrimination by the MDA, and claimed that the case should go forward, timeliness and jurisdiction notwithstanding. IAF, Tab 6 at 20, Tab 8 at 20. The appellant referenced equal employment opportunity complaints and other Board appeals he had filed, IAF, Tab 6 at 5, 23, Tab 8 at 5, 23, and he included 24 attachments, IAF, Tab 6 at 35-240, Tab 7 at 7-22, Tab 8 at 35-240, Tab 9 at 7-22.

¶5      The agency moved that the appeal be dismissed for lack of jurisdiction and as untimely filed. IAF, Tabs 3, 10.

¶6      In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 4. She found that the appellant's pleadings did not clearly or concisely identify the agency action he was contesting, although he emphasized discriminatory acts by the agency, and she further found that the appellant did not respond to her order on timeliness.[3] ID at 2 n.1. The administrative judge acknowledged the appellant's claim that he was indefinitely suspended in 2009, but she found that he failed to nonfrivolously allege that the Board has jurisdiction over the indefinite suspension or any other agency action.[4] ID at 3. Because she dismissed the appeal for lack of jurisdiction, she deemed it unnecessary to address the timeliness issue. ID at 4.

---

[2] The appellant's purported response on timeliness was identical to his purported response on jurisdiction, *compare* IAF, Tab 6, *with* IAF, Tab 8, as were the attachments to those responses, *compare* IAF, Tabs 6-7, *with* IAF, Tabs 8-9.

[3] As noted, the appellant did, in fact, file a pleading that purported to address the matter of timeliness, but it was nonresponsive as to that issue. IAF, Tab 6.

[4] In fact, the appellant previously filed an appeal to the Board of his indefinite suspension, an action that occurred after the matters that gave rise to the instant appeal. A Board administrative judge affirmed the indefinite suspension, the full Board denied the appellant's petition for review of that decision, *Adams v. Department of Defense*, MSPB Docket No. DC-0752-09-620-I-1, Final Order (Aug. 12, 2009), and the U.S.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tabs 1-2, and the agency has responded in opposition, PFR File, Tab 4.[5]

¶8 On review, the appellant argues that the administrative judge failed to address his claim that the agency "pulled [him] back" from his new position. PFR File, Tab 1 at 4-5. On the contrary, the administrative judge acknowledged that that was the subject of this appeal, ID at 1, but she found that the appellant had failed to nonfrivolously allege that the Board has jurisdiction over such an action, ID at 2. Although the appellant argues that the agency acted improperly in this regard, the Board does not have jurisdiction over all matters alleged to be unfair or incorrect; rather, its jurisdiction is limited to matters over which it has been given jurisdiction by statute or regulation. *See Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Here, the appellant has failed to nonfrivolously allege that the agency's act of "pulling [him] back" from the IT Specialist position to which he had been reassigned is a matter over which the Board has jurisdiction.[6] *See* 5 U.S.C. § 7512. Therefore, he has not shown that the administrative judge erred in dismissing his appeal on that basis. In the absence of jurisdiction, the Board lacks authority to consider the appellant's

Court of Appeals for the Federal Circuit affirmed the Board's decision, *Adams v. Department of Defense*, 371 F. App'x 93 (Fed. Cir. 2010). The appellant's subsequent removal also was affirmed by the Board and the court. *Adams v. Department of Defense*, MSPB Docket No. DC-0752-10-0741-I-1, Final Order (Mar. 4, 2011), *aff'd*, 688 F.3d 1330 (Fed. Cir. 2012).

[5] On September 19, 2015, the appellant filed a pleading titled "Response to Agency's new jurisdiction rea [sic] dated 8/31/2015" and on October 13, 2015, the appellant filed a pleading titled "What We've Learned In The Past 6 Years." To the extent that the appellant's September 19, 2015 pleading was intended as his reply to the agency's August 31, 2015 response to the petition for review, his reply is untimely and we do not consider it. *See* 5 C.F.R. § 1201.114(e) ("Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review."). Furthermore, we do not consider the appellant's October 13, 2015 pleading because the appellant failed to comply with the Board's regulations which required him to seek leave to file an additional pleading. *See* 5 C.F.R. § 1201.114(a)(5).

[6] The appellant has submitted no documentary evidence in support of his claim.

claims that the agency committed prohibited personnel practices under 5 U.S.C. § 2302(b). *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.