## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES DERECK ADAMS,
 Appellant,

v.

DEPARTMENT OF DEFENSE,
 Agency.

DOCKET NUMBER
DC-3443-10-0711-B-1

DATE: July 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Dereck Adams, Herndon, Virginia, pro se.

James J. Delduco, Esquire, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which affirmed the agency's decision denying him early retirement under its Voluntary Early Retirement Authority (VERA).  Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c). Notwithstanding the appellant's urging that the decision in his case should be precedential, Petition for Review File, Tab 3 at 20, it is the Board's determination that it does not fit into that category of issuance.

such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to apply the proper burden of proof to the appellant's claim of discrimination, we AFFIRM the remand initial decision.

¶2      The appellant was a GS-15 Information Technology Specialist with the agency's Missile Defense Agency (MDA).  He was indefinitely suspended continuously from June 15, 2009, based on his loss of access to classified information.  The action was upheld on appeal, the Board denied the appellant's petition for review of that decision, and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) affirmed the Board's decision.  *Adams v. Department of Defense*, 371 F. App'x 93 (Fed. Cir. 2010).  The appellant was removed effective June 29, 2010, for failure to maintain a security clearance with access to Sensitive Compartmented Information, necessary to perform the duties of his position.  That action too was upheld on appeal.  On April 20, 2010, the appellant submitted an application for immediate retirement, which the agency denied because he did not meet the requirements for such.  The appellant filed an appeal in which he alleged that the agency improperly denied his request for early retirement under VERA and that the denial was the result of retaliation and discrimination.  The administrative judge dismissed the appeal for lack of jurisdiction.  The Board joined for adjudication the appellant's petitions for review of these two decisions, denying both petitions.  *Adams v. Department of Defense*, MSPB Docket No.

DC-3443-10-0711-I-1, Final Order (March 4, 2011). The Federal Circuit affirmed the Board's decision as to the appellant's removal, *Adams v. Department of Defense*, 688 F.3d 1330, 1334 (Fed. Cir. 2012), but found that the agency's decision regarding his retirement under VERA was reviewable by the Board, which had jurisdiction over it as an adverse retirement decision, and the court remanded that matter for further proceedings, *id.* at 1336. The Board then remanded the VERA appeal to the regional office for adjudication. *Adams v. Department of Defense*, MSPB Docket No. DC-3443-10-0711-M-1, Final Order at 1, 6 (Aug. 27, 2013).

¶3    Following the requested hearing, Remand Appeal File (RAF), Tab 295, the administrative judge issued a remand initial decision affirming the agency's decision, RAF, Tab 296, Remand Initial Decision (RID) at 1, 24. She first found it undisputed that the agency had the authority pursuant to 5 U.S.C. § 9902(f) to authorize early retirement through utilization of the VERA program to reduce or restructure the MDA's workforce and that the program was a management-based action and not an employee entitlement. RID at 5. She then considered testimony from the Director of Human Resources regarding the program and how it worked. Specifically, managers were to identify positions within their organization that would be appropriate for VERA, and then complete a form to demonstrate how a particular position was appropriate for VERA; that is, that it would be downsized or how it would be restructured. The agency was not downsizing at the time in question, but VERA offers were considered for positions that were in the process of being restructured, as some positions were being moved out of state. RID at 5-6. Managers would submit their forms to the Human Resources office, which would analyze the requests and then forward them to the MDA Director for decision. If the MDA Director approved the request, the Human Resources office then would look at the incumbent of the position to see if he or she met the requirements for a VERA by being at least 50 years old with 20 years of service. 5 U.S.C. § 9902(f)(4). In sum, a VERA offer would be made to an employee if,

first, his or her position was identified and determined to be eligible for restructuring and, second, he or she met the VERA eligibility criteria.  RID at 7.

¶4        The administrative judge considered the appellant's assertion that the agency offered him a VERA, both as part of a settlement offer and as a general offer made to some or all of employees in his directorate.  The administrative judge first addressed the appellant's claim that the agency offered him an early retirement under VERA as part of a settlement offer to resolve pending complaints before the Equal Employment Opportunity Commission and the Board.  She found it well settled, however, that settlement offers and settlement negotiations may not be considered as evidence in the adjudication of appeals, *see Cheng v. Department of Agriculture*, 84 M.S.P.R. 144, ¶ 5 (1999), and that therefore the Board could not consider any such evidence.[2]  RID at 7-8.

¶5        The administrative judge then addressed the appellant's claim that the agency offered him a VERA in 2006 when it allegedly made specific such offers to employees in his division, but then rescinded the offer.  The administrative judge considered the agency's assertion that the appellant's claim is barred by the equitable doctrine of laches and his contrary assertion that he raised this claim early on in these proceedings.  After examining the voluminous record, the administrative judge found no evidence that the appellant raised an allegation regarding a purported VERA offer made to him by the agency in 2006 until a conference call held during this remand proceeding on October 19, 2015, and that therefore the appellant's allegation was, in fact, barred by laches.  *Mercer v. Department of Health & Human Services*, 82 M.S.P.R. 211, ¶ 10 (1999) (finding that laches bars an action when an unreasonable delay in bringing the action has prejudiced the party against whom the action is taken); RID at 9-14.  Nonetheless, in an effort to fully resolve the issues in the appeal, the administrative judge

---

[2] The administrative judge issued an order to this effect during adjudication below. RAF, Tab 88 at 9-11.

assumed arguendo that the appellant's claim was not barred by laches and she considered it.

¶6      The administrative judge found that, while it was undisputed that the appellant would have met the age and service requirements for a VERA, he failed to show that the agency identified his position as eligible for downsizing or restructuring and that it had been approved for a VERA. RID at 15. In support of her finding, the administrative judge relied upon the appellant's supervisor and the then-Deputy of Human Resources, both of whom testified that the appellant's position was not identified as VERA eligible and that no offers were made to groups of employees within his directorate in 2006. RID at 15-16. The administrative judge found that the appellant's testimony regarding the alleged VERA offer was not credible because of the lack of any supporting documentation, statements he made during the prehearing conference that rendered his current claim "patently unreasonable," RID at 16-17, answers he made in discovery that were equivocal as to whether, in fact, the agency made him a VERA offer, RID at 17-18, testimony he provided at the hearing that rendered his argument "not reasonable," RID at 19-20, and the testimony of his supervisor that contradicted his claim that he actually received a VERA offer in 2006, RID at 20. The administrative judge concluded that the appellant offered no credible evidence or argument that the agency offered him a VERA in 2006 and that he timely accepted such an offer, and that, while the court held that the Board has jurisdiction over the agency's decision to deny his requests for a VERA, he failed to establish that he met the requirements for a VERA offer because there was no evidence that his position was ever identified and approved for restructuring and thus the requirements for an early retirement under VERA were not met. RID at 21-22.

¶7      Finally, the administrative judge considered the appellant's claim that the agency's decision to deny his request for early retirement under VERA was based on prohibited discrimination based on age (54 years old at the time of his 2010

removal), gender, and race (African American).[3] She determined that he alleged discrimination based on disparate treatment and disparate impact. RID at 22. She found, however, that he offered nothing to show that only employees outside his protected groups were offered a VERA and that, in contrast, the agency produced statistical evidence that controverted his claim.[4] Therefore, the administrative judge found no showing that the agency discriminated against the appellant based on his age, gender, or race, and that, in any event, because preponderant evidence established that his position was never found eligible for a VERA offer, he did not meet a critical requirement for VERA eligibility, and so did not prove his disparate treatment claim. RID at 23-24. The administrative judge further found that the appellant offered no evidence or argument that the agency's identification of positions eligible for a VERA had a disparate impact on certain groups of employees and that his conclusory allegations were insufficient to meet his burden of proof as to that allegation. RID at 24.

---

[3] The administrative judge noted that the appellant had initially raised an allegation of retaliation but she found that, at the prehearing conference, he provided no evidence or argument regarding this claim, and she therefore determined that no additional evidence on it would be considered at the hearing. RAF, Tab 259 at 7 n.3. The appellant failed to object to the administrative judge's summary of the prehearing conference, which did not include the issue of retaliation. In the remand initial decision, the administrative judge found that the appellant presented no evidence or argument on the retaliation claim at the hearing and that she therefore did not consider it further. RID at 4 n.5. To the extent that, on review, the appellant generally attempts to raise the issue of retaliation, PFR File, Tab 3 at 6, we have not considered it. *Cf. Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012) (explaining that failure of party to object to administrative judge's ruling excluding evidence during proceeding below precluded party from challenging ruling on review).

[4] Specifically, that evidence showed that no VERA actions were approved in 2005; that, from 2006-2008, the agency approved seven VERA actions, three for males and four for females, three for African Americans and four for Caucasians, and for employees who ranged in age from 48-59; and that, from 2008-2010, the agency granted VERA retirements to six employees, five females and one male, three African Americans and three Caucasians, and to employees who ranged in age from 47-57. RAF, Tab 256, Agency Exhibit 5.

¶8      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, and several supplements thereto, PFR File, Tabs 4-8.  The agency has responded in opposition, PFR File, Tab 11, and the appellant has filed several replies to the agency's response, PFR File, Tabs 15-18.[5]

¶9      Before we address the appellant's specific claims on review, we reiterate the court's finding that his claim for early retirement was denied by the agency and that the denial significantly affected his rights or interests under 5 U.S.C. § 8461 of the Federal Employees' Retirement System, thereby establishing Board jurisdiction.  *Adams*, 688 F.3d at 1335.  Although the administrative judge found, and we agree, that the record fails to show that the appellant's position was ever identified as appropriate for a VERA and that, absent such a determination, no VERA offer could have been made to him, RID at 21, we concur with the administrative judge's implicit acknowledgment that we are bound by the court's finding.  RID at 21-22.  As did the administrative judge, we therefore construe the agency's failure to identify the appellant's position as VERA appropriate as its decision.  Further, we agree that the appellant failed to establish that he met the requirements for a VERA offer because there is no evidence that his position was ever identified and approved for restructuring such that the requirements for an early retirement under VERA were not met.  Having reviewed all of the

[5] On July 11, 2016, the appellant filed four additional pleadings with the Clerk of the Board.  PFR File, Tabs 21-24.  Concerning Tabs 21 and 22, because the record in this matter already had closed upon the expiration of the period for filing the reply to the response to the petition for review, *see* 5 C.F.R. § 1201.114(k), and because the appellant did not comply with the Board's regulation that required him to file a motion to obtain leave to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered these pleadings on review.  Concerning Tab 23, although the appellant did request leave to file an additional pleading, the subject matter of his pleading does not contain new evidence or argument and, therefore, we have not considered this pleading on review.  *See* 5 C.F.R. § 1201.114(a)(5).  Concerning Tab 24, although the appellant similarly requested leave to file an additional pleading, he simply requests to submit pleadings into the record that already are contained in the record.  PFR File, Tabs 15-18.  Accordingly, we have not considered this pleading.  *See* 5 C.F.R. § 1201.114(a)(5).

appellant's arguments and submissions on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).

¶10     The appellant argues on review that the agency knowingly withheld relevant evidence in its possession, specifically, his "unclassified profile or H: Drive." PFR File, Tab 3 at 4. According to the appellant, the drive contains notes and documentation, specifically, an email in which the agency allegedly offered him a VERA, and he argues that, despite his multiple requests, the administrative judge refused to compel the agency to produce the drive. *Id.* at 5. He contends that, without it, he was unable to prove his claims of disparate treatment or discrimination. *Id.* at 6.

¶11     The appellant requested a "complete Uncensored Unclassified Profile or H: drive" from his work computer during the proceeding below. RAF, Tab 91 at 7. Although the administrative judge denied the request during a conference call, she inquired of the appellant what documentation he was seeking, and he indicated that it was emails between him and certain agency employees regarding the agency's early VERA offers and his request for a VERA, as well as documentation referencing his disparate treatment allegation. Over the agency's objection, the administrative judge ordered the agency to review the appellant's hard drive or relevant copies or backups of his hard drive and provide copies of any emails between him and any of seven named agency officials from the time the agency first got VERA authority until the appellant's removal from Federal service. RAF, Tab 99 at 6-7. The appellant repeatedly expressed his dissatisfaction with the administrative judge's ruling, indicating his preference

and need for access to the entire drive. RAF, Tabs 103, 117, 127, 134. He filed a motion to compel, RAF, Tab 153, but the administrative judge denied it as incomplete under 5 C.F.R. § 1201.73(c), and also as premature, to the extent that it pertained to supplemental discovery requests the appellant had filed, RAF, Tab 154.

¶12      Administrative judges have broad discretion in regulating discovery and, absent a showing of abuse of such discretion, the Board will not find reversible error. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). Here, the administrative judge's ruling ordering the agency to review the drive and provide the appellant any pertinent emails on the VERA issue was reasonable, as was the agency's response. Based on our review of the record in this case, we find that the administrative judge did not abuse her discretion regarding the appellant's request for his H: drive.[6] Moreover, there is no indication that the appellant ever resubmitted his motion to compel as it relates to the information on his H: drive.

¶13      The appellant asserts that the administrative judge was biased against him. PFR File, Tab 3 at 9. He lists 33 such examples, including her refusal to order the agency to provide him his H: drive, her "voice, tone, and how she worded things," her discovery orders and other processing orders and her witness and evidentiary rulings that were adverse to him, her denial of his motions, her refusal to allow opening statements, her issuing the initial decision too soon after the close of the record, and, in general, her ruling against him. *Id.* at 10-19.

¶14      An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555

---

[6] Therefore, to the extent the appellant is renewing his motion to compel the production of the contents of his H: drive on review, we DENY the motion.

(1994)). Further, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's complaints about the administrative judge's conduct in the adjudication of his appeal do not evidence anything that would make fair judgment impossible and are insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.[7] *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 19 (2010).

¶15        The appellant generally disagrees with and loosely challenges the administrative judge's finding that he did not establish disparate treatment based on age, gender, and race. PFR File, Tab 3 at 10. In *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015), issued prior to the initial decision in this case, the Board modified the test for establishing discrimination, holding that, when an appellant asserts such an affirmative defense, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested matter. Although the agency acknowledged that it did approve various VERA actions during the period in question for certain employees, such evidence does not prove discrimination and we find under the *Savage* test that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's decision regarding his VERA. Therefore, we find that his substantive rights have not been prejudiced by the administrative judge's application of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the previously approved method of proving a

---

[7] With his petition and in his supplements thereto, the appellant has submitted numerous documents that are a part of the record below. PFR File, Tab 3 at 26-59, Tabs 4-8. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

discrimination claim. *Panter v. Department of the Air Force*, <u>22 M.S.P.R. 281</u>, 282 (1984).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (<u>5 U.S.C. § 7702</u>(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, NE
> Suite 5SW12G
> Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.