NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL A. NICHOLS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3064

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-14-0159-I-1.

---

Decided: July 13, 2015

---

MICHAEL A. NICHOLS, Pensacola, FL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge*, NEWMAN and WALLACH, *Circuit Judges*.

PER CURIAM.

Petitioner Michael A. Nichols appeals the decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *See* Final Order, *Nichols v. Dep't of the Navy*, AT-3443-14-0159-I-1 (M.S.P.B. Oct. 16, 2014) (Resp't's App. 10–16) ("Final Order"); Initial Decision, *Nichols v. Dep't of the Navy*, AT-3443-14-0159-I-1 (M.S.P.B. Jan. 27, 2014) (Resp't's App. 1–9) ("Initial Decision"). For the reasons set forth below, this court affirms.

BACKGROUND

I. Facts and Proceedings

Mr. Nichols is an Education Systems Specialist, GS-12, with the United States Department of the Navy ("Agency") in Pensacola, Florida. On December 6, 2011, Mr. Nichols filed an Equal Employment Opportunity ("EEO") complaint with the Agency, which the Agency investigated and thereafter issued a final agency decision. On November 7, 2013, Mr. Nichols filed with the Board an "Employment Practices (Part 300)" appeal, *see* 5 C.F.R. pt. 300 (2011), challenging the selection process for certain supervisory positions within the Agency. Specifically, Mr. Nichols alleged the Agency failed to follow the requirements of 5 C.F.R. § 300.103, which delineates the "basic requirements" for employment practices of the federal government, with regard to several selections within the Naval Education and Training Professional Development and Technology Center Command. In making the selections, Mr. Nichols claimed the Agency failed to use a "professionally developed job analysis" to identify the important factors in evaluating candidates. Resp't's App. 31. He also asserted the Agency discriminated against

him based on age and gender,[1] as he was more qualified than the women selected for two positions. In addition, he alleged the Agency did not use a Merit Promotion Plan pursuant to 5 C.F.R. § 335.102 in making these selections.

On December 4, 2013, an administrative judge notified Mr. Nichols of the jurisdictional issues raised by his appeal and ordered him to file arguments and supporting evidence to prove his appeal was within the Board's jurisdiction. In response, Mr. Nichols argued the Agency violated the basic requirements for employment practices by:

> (1) failing to have or utilize a merit promotion plan; (2) failing to perform a job analysis; (3) using a scoring criteria [sic] unrelated to the requirements of the position being filled; (4) using knowledge, skills, and abilities . . . in making the selection which were different from those listed in

---

[1] Mr. Nichols characterizes his appeal as "a mixed-case appeal," which "is an appeal filed with the [Board] that alleges that an appealable agency action was effected, in whole or in part, because of discrimination." 29 C.F.R. § 1614.302 (2011). This classification is important because claims of discrimination are normally not within the Board's jurisdiction, but "[i]f the Board has jurisdiction to review an agency action against an employee, Congress has also authorized it to adjudicate the employee's claims of discrimination." *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115 (Fed. Cir. 2013). Such mixed cases, if decided on the merits, are then appealable to a federal district court, or to the Equal Employment Opportunity Commission ("EEOC") and then to a district court if necessary, but not to this court. *Id.* at 1116. However, "when the Board dismisses a purported mixed case appeal for lack of jurisdiction, any appeal from that decision is to this court." *Id.* at 1121.

the position announcement; and (5) using selection criteria developed in a discriminatory manner in order to favor a preferred female candidate for the position.

Initial Decision at 4. Mr. Nichols, however, did not submit any supporting evidence with his response.

On January 27, 2014, the administrative judge dismissed the appeal for lack of jurisdiction. *Id.* at 1–9. The administrative judge noted a candidate for employment who believes an employment practice violates 5 C.F.R. § 300.103 is entitled to appeal to the Board when: (1) the appeal concerns an employment practice the Office of Personnel Management ("OPM") is involved in administering; and (2) the appellant makes a non-frivolous allegation that the employment practice violated one of the basic requirements for employment practices set forth in § 300.103. *Id.* at 2 (citing *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1373 (Fed. Cir. 2003)). The administrative judge found Mr. Nichols failed to make a non-frivolous allegation that an employment practice applied to him violated the basic requirements under § 300.103 because Mr. Nichols "provided no meaningful evidence supporting his claim." *Id.* at 4. Thus, the administrative judge found Mr. Nichols failed to establish Board jurisdiction. *Id.* at 5.

Mr. Nichols petitioned for review of the Initial Decision, arguing the Agency failed to submit an agency file with all of the relevant information, as required by 5 C.F.R. § 1201.25(c) ("The agency response to an appeal must contain . . . [a]ll documents contained in the agency record of the action."). Final Order at 12. Had the Agency complied, Mr. Nichols asserted, the Agency's "Report of Investigation" developed in response to his original EEO Complaint would have been included. *Id.*

The Board denied the petition for review and affirmed the administrative judge's decision, agreeing Mr. Nichols failed to establish Board jurisdiction. *Id.* at 1–7. Specifi-

cally, the Board found Mr. Nichols's appeal amounted to a challenge of "the individual selection and scoring criteria developed by the [A]gency, which is unique to a particular position within the [A]gency." *Id.* at 4. Such a challenge, the Board found, was better characterized "'as an irregularity in the selection process rather than an application of a specific rule, provision, or policy by the agency.'" *Id.* (quoting *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 887 (Fed. Cir. 1998)). The Board concluded "a challenge to an agency's individualized hiring decision falls outside of the Board's appellate jurisdiction." *Id.*

In addition, the Board found Mr. Nichols "failed to allege that OPM was involved in the agency's allegedly improper development of the scoring criteria used to select a female candidate over the appellant." *Id.* at 5. It stated Mr. Nichols's "bare assertion that the agency misapplied OPM's regulatory requirement that a job analysis be used to identify the basic duties and responsibilities of the position, without more, fails to nonfrivolously establish *how* the agency's job analysis is deficient or *how* the agency misapplied those standards." *Id.* Therefore, the Board found Mr. Nichols did not establish Board jurisdiction over his appeal.

Mr. Nichols appeals. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of

law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Board's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## II. Legal Framework

"The Board's jurisdiction is not plenary; it is strictly defined and confined by statute and regulation." *Id.*; *see* 5 U.S.C. § 7701(a). "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board." *Prewitt*, 133 F.3d at 886 (citing *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993) (non-selection for promotion); *Diamond v. U.S. Postal Serv.*, 51 M.S.P.R. 448, 450 (1991) (non-selection for appointment), *aff'd*, 972 F.2d 1353 (Fed. Cir. 1992) (unpublished)). Pursuant to 5 C.F.R. § 300.104(a) ("Employment practices"), however, "[a] candidate who believes that an *employment practice* which was *applied to him or her by the* [*OPM*] violates a basic requirement in § 300.103 is entitled to appeal to the [Board]." 5 C.F.R. § 300.104(a) (emphases added). Thus, the Board has jurisdiction under § 300.104(a) "when two conditions are met: first, the appeal must concern an 'employment practice' [of the OPM,] and second, the employment practice must be alleged to have violated one of the 'basic requirements' for employment practices set forth in 5 C.F.R. § 300.103." *Meeker*, 319 F.3d at 1373.

An "employment practice" is defined as those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion." 5 C.F.R. § 300.101. While this court has held the term "employment practices" "has a naturally broad and inclusive meaning," *Dowd v. United States* (*Dowd I*), 713 F.2d 720, 723 (Fed. Cir. 1983), "an individual agency action or decision that is not made

pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice.'" *Prewitt*, 133 F.3d at 887. As to whether an "employment practice" was applied by the OPM, "in certain circumstances, OPM's involvement in an agency's selection process may be sufficient to characterize a non-selection action by that agency as a practice applied by OPM. For that prerequisite to be satisfied, however, OPM's involvement in the selection process *must be significant.*" *Id.* at 888 (emphasis added).

The "Basic requirements" under § 300.103 include:

(a) Job analysis. Each employment practice of the Federal Government generally, and of individual agencies, shall be based on a job analysis to identify:

> (1) The basic duties and responsibilities;

> (2) The knowledges, skills, and abilities required to perform the duties and responsibilities; and

> (3) The factors that are important in evaluating candidates. The job analysis may cover a single position or group of positions, or an occupation or group of occupations, having common characteristics.

(b) Relevance.

> (1) There shall be a rational relationship between performance in the position to be filled . . . and the employment practice used. . . .

> . . . .

(c) Equal employment opportunity and prohibited forms of discrimination. An employment practice

must not discriminate on the basis of[, inter alia,] . . . sex . . . [or] age.

5 C.F.R. § 300.103; *see Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994) ("[A]n employment practice [must] be (a) based on a 'job analysis' that sets forth the duties of and qualifications for the position, (b) relevant to performance in the position, and (c) not discriminatory.").

"In order to establish Board jurisdiction, the petitioner must 'make [ ] non-frivolous allegations of jurisdiction supported by affidavits or other evidence.'" *Marcino v. U.S. Postal Serv.*, 344 F.3d 1199, 1202 (Fed. Cir. 2003) (quoting *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356, 1361 (Fed. Cir. 2002)). Mr. Nichols bears the burden of demonstrating Board jurisdiction by a preponderance of the evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.56(a)(2).

### III. Mr. Nichols Has Not Demonstrated Board Jurisdiction by a Preponderance of the Evidence

On appeal, Mr. Nichols contends "the selection criteria—those criteria by which applicant resumes were rated and ranked—were not based on a valid, professionally developed job analysis in accordance with the basic requirements of 5 C.F.R. § 300.103." Pet'r's Br. 3. He says these scoring criteria were "not logically related to the positions for which I had applied, and that this would not have occurred had a legally required job analysis been conducted." *Id.* Mr. Nichols argues "if the knowledges, skills, and abilities that are used as the basis for selecting candidates are not based on a job analysis that provides the foundational relevance to the position (see 5 C.F.R. [§ ]300.103(b)), it stands to reason that merit principles are being violated." *Id.* at 8. He also argues "the selection criteria were developed in a discriminatory manner intended to favor certain female co-workers." *Id.* at 3.

As to the involvement of OPM, Mr. Nichols argues "if an agency fails to conduct a valid OPM requirement codified by Part 300, it has misapplied a valid OPM requirement." *Id.* at 27. He also contends that many of his issues would "have been resolved had the Board involved the [OPM] as they seem to be required to do by 5 U.S.C. § 7701(d)(2). . . . I have little doubt that OPM would agree that their 'Basic Requirements' in 5 C.F.R. Part 300 were not adhered to by the [Agency]." *Id.* at 30.

As to the lack of supporting evidence for these allegations, Mr. Nichols says this resulted from the Agency's failure to treat his case as a mixed case.[2] *Id.* at 10. He asserts he "took great care . . . to file a mixed-case EEO complaint rather than file directly to the Board because it was [his] belief that an EEO investigation would prove useful prior to going before the Board." *Id.* at 4. Because the Agency's Report of Investigation was not placed on the record, as he believes was required by 5 C.F.R. § 1201.25(c), he was unable to provide the requested evidence. Without additional discovery, Mr. Nichols conceded he "didn't have much in the way of evidence." *Id.* at 10. However, he provided citations to the Report of Investigation and an email from the Human Resources Liaison who handled the challenged selections, and Mr. Nichols "believe[s] that these two references, which were my most compelling documents without the benefit of

---

[2] To the extent Mr. Nichols argues the Board erred in failing to treat this appeal as a mixed-case, these arguments do not support jurisdiction. That is, discrimination claims are not within the Board's jurisdiction unless "the Board ha[d] jurisdiction to review an agency action against an employee." *See Conforto*, 713 F.3d at 1115. Because the Board found it did not have jurisdiction to review Mr. Nichols's § 300.103 appeal, it would not have jurisdiction to hear the discrimination claims.

additional discovery, should have been enough to satisfy any non-frivolous allegation requirements regarding jurisdiction." *Id.* at 11. That is, "referencing a citation within the investigative file *that the agency should have provided to the Board in its entirety* should have been satisfactory documentation for matters of establishing jurisdiction." *Id.* at 13.

In addition, Mr. Nichols points out that on the very day the administrative judge issued the Initial Decision, his representative was preparing to submit a Motion to Compel Discovery and a Motion for Sanctions for the failure of the Agency to comply with 5 C.F.R. § 1201.25. *Id.* at 12. These Motions were not filed because the administrative judge had already rendered a decision in the case. Thus, Mr. Nichols argues, he "was not provided adequate time for discovery" and the administrative judgment "failed to enforce 5 C.F.R. § 1201.25(c), and compel the Agency to submit '[a]ll documents contained in the agency record of the action.'" *Id.* at 1.

The Government responds that "[t]he Board considered all relevant facts and correctly determined that [Mr. Nichols] failed to make a non-frivolous allegation that the Board had jurisdiction over his appeal." Resp't's Br. 7. First, it argues the Board correctly found Mr. Nichols failed to show the Agency's action constituted an "employment practice" for purposes of the regulations, and that his allegations at best show "an irregularity in the selection process, . . . rather than an application of a specific rule by the agency." *Id.* at 10–11. Second, the Government asserts Mr. Nichols failed to show "OPM was involved in the administration of the alleged employment practice." *Id.* at 12 ("Petitioner made only a bare assertion that the agency misapplied OPM's regulatory requirement that a job analysis be used to identify the basic duties and responsibilities of the position.").

The Government also argues this court should reject Mr. Nichols's argument that the Agency or the Board was responsible for the lack of evidence. It says Mr. Nichols "himself presumably had a copy of the agency's report of investigation, and could have submitted portions of it in response to the [administrative judge's] jurisdictional order." *Id.* at 14 (citing Final Order at 6 n.3). As to Mr. Nichols's argument that he should have been given more time to conduct discovery, the Government responds "[a]dministrative judges have broad discretion in ruling on discovery matters, and absent an abuse of discretion, will not be reversed by the Board." *Id.* (citing *Morrison v. Dep't of the Navy*, 122 M.S.P.R. 205, 209 (2015)).

To establish jurisdiction under 5 C.F.R. § 300.104(a), Mr. Nichols must make non-frivolous allegations, supported by evidence, that (1) an "employment practice" (2) applied to him by OPM (3) violated § 300.103 because it was not based on a "job analysis" that was relevant to the position or was discriminatory. *See Marcino*, 344 F.3d at 1202; *Meeker*, 319 F.3d at 1373; *Vesser*, 29 F.3d at 603. Here, Mr. Nichols has raised non-frivolous allegations that an employment practice—the selection criteria used by the Agency for the positions at issue—violated § 300.103 because they were not based on a "job analysis" that was relevant to the position or were discriminatory. As noted, the term "employment practices" "has a naturally broad and inclusive meaning," *Dowd I*, 713 F.2d at 723, and is defined by regulation as those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion," 5 C.F.R. § 300.101. The selection criteria used by the Agency in this case fall within the breadth of this definition. The Board's conclusion that the challenged employment practice was better characterized "'as an irregularity in the selection process rather than an application of a specific rule, provision, or policy by the agency,'" Final Order at 4 (quoting *Prewitt*, 133 F.3d at 887), is

refuted by the fact that Mr. Nichols challenged the selection criteria used to fill more than one position, not his non-selection for a particular position.

That Mr. Nichols was unable to support his assertion that the identified employment practice violated § 300.103 was due, at least to some extent, to the Agency's failure to place the Report of Investigation on the record of this appeal. The Board's statement that Mr. Nichols "presumably had a copy of the agency's [Report of Investigation] and could have submitted portions of it in response to the administrative judge's jurisdictional order," *id.* at 6 n.3, ignored "procedures required by . . . regulation." *Forest*, 47 F.3d at 410 (citing 5 U.S.C. § 7703(c)). In particular, the Agency was required to submit to the Board "[a]ll documents contained in the agency record of the action" under 5 C.F.R. § 1201.25(c) ("The agency response to an appeal *must contain* . . . [a]ll documents contained in the agency record of the action."). Mr. Nichols's citations to the Report of Investigation, if placed on the record by the Agency as required by regulation, would have served as preponderant evidence to support his non-frivolous allegations of jurisdiction. *See Fields*, 452 F.3d at 1302; *Marcino*, 344 F.3d at 1202.

However, the Board correctly concluded that Mr. Nichols failed to demonstrate the alleged employment practice was applied by OPM, or that "OPM's involvement in the selection process was . . . significant." *See Prewitt*, 133 F.3d at 888. As the Board observed, there was no evidence to establish "OPM was involved in the administration of the practice at issue" or "was involved in the agency's allegedly improper development of the scoring criteria." Final Order at 5. That is, Mr. Nichols "has not satisfied his burden of establishing Board jurisdiction with respect to th[e employment] practices . . . because he has not shown that OPM was involved in the administration of [the] practices." *Prewitt*, 133 F.3d at 887–88; *see also Dowd v. Office of Pers. Mgmt., Dep't of Army* (*Dowd*

*II*), 745 F.2d 650, 651 (Fed. Cir. 1984) ("[S]ince OPM played no part in the [employment practice applied] to petitioner by the Department of the Army, *OPM had not applied* any employment practice to petitioner."). Without such a showing, Mr. Nichols cannot establish jurisdiction under 5 C.F.R. § 300.104(a). Accordingly, the Board's dismissal for lack of jurisdiction was proper.

CONCLUSION

For the reasons set forth above, the decision of the Merit Systems Protection Board is

**AFFIRMED**

COSTS

Each party shall bear its own costs.