NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DERECK ADAMS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF DEFENSE,**
*Intervenor*

---

2016-1414

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-15-0768-I-1.

---

Decided: June 9, 2016

---

CHARLES DERECK ADAMS, Herndon, VA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

CHRISTOPHER L. HARLOW, Commercial Litigation
Branch, Civil Division, United States Department of
Justice, Washington, DC, for intervenor. Also represented
by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.,
DEBORAH A. BYNUM.

———————————

Before NEWMAN, DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Charles D. Adams appeals pro se a final order of the
Merit Systems Protection Board ("Board") dismissing his
claims for lack of jurisdiction. The U.S. Department of
Defense purportedly transferred Mr. Adams from one
position to another, and then reassigned him back to his
former position. We conclude that substantial evidence
supports the Board's findings that both the alleged trans-
fer and reassignment occurred without reducing Mr.
Adams's grade or pay. We further conclude that the
Board was correct in determining that the reassignment
did not result in justiciable, non-frivolous claims. We
*affirm* the Board's final order dismissing the case for lack
of jurisdiction.

## BACKGROUND

Mr. Adams worked as an information technology spe-
cialist for the Department of Defense. According to the
evidence submitted by Mr. Adams, the Department of
Defense transferred Mr. Adams to a position at the Pen-
tagon, effective February 1, 2009. Mr. Adams claims that
he out-processed from his former position with the Missile
Defense Agency ("MDA") in late January, and began
working at his new position at the Pentagon on February
2, 2009. Shortly after starting the new position, Mr.
Adams asserts that he was reassigned back to his former
position with the MDA. Mr. Adams argues that he suf-
fered from a hostile work environment while at the MDA
and was the target of discrimination on the basis of age

and race. Mr. Adams asserts that the agency acted unlawfully by returning him to this environment. While working at the MDA—either before the purported transfer to the Pentagon or after returning to the MDA following that transfer—Mr. Adams contends that he was denied a pin and certificate for recognition of 30 years of government service, could not take use-or-lose leave, was denied certain benefits others were receiving, was subjected to internal investigations, was terminated for charging his cell phone,[1] and was lied to about his going-away party.

On May 26, 2015, Mr. Adams filed an appeal with the Board. Mr. Adams alleged due process violations, denial of the right to a jury trial, discrimination, and various other regulatory and statutory violations. Mr. Adams sought damages and reinstatement.

An administrative judge ordered Mr. Adams to submit evidence and argument showing that the Board had jurisdiction over his claims arising from the reassignment. The order also directed Mr. Adams to submit evidence and argument showing that his appeal was timely filed, or that there was good cause for the delay. In response, Mr. Adams alleged that the reassignment to the MDA violated his rights, and that bad faith by the MDA nullified the Board's timeliness and jurisdictional requirements. He also alleged his prior appeals to the Board had engendered prejudice against him among the Board's administrative judges. The Department of Defense moved to dismiss the appeal for lack of jurisdiction and timeliness.

---

[1] The circumstances of the revocation of Mr. Adams's security clearance and his subsequent removal were considered by this court in *Adams v. Dep't of Def.*, 371 F. App'x 93 (Fed. Cir. 2010).

In July 2015, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction. The administrative judge found that no reduction in grade or pay had occurred, and that the claims were frivolous because Mr. Adams failed to support his allegations. In October 2015, the Board affirmed the administrative judge's initial decision and entered a final order dismissing the case for lack of jurisdiction.

Mr. Adams appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9). *See also Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1120-21, 1123 (Fed. Cir. 2013) (holding that Fed. Cir. retains jurisdiction over appeals from the Board's final orders dismissing for lack of jurisdiction).

## DISCUSSION

We may hold unlawful and set aside an agency action found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

An appellant bears the burden of establishing the Board's jurisdiction by preponderant evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.56(a)(2). The appellant establishes jurisdiction by making "non-frivolous allegations of jurisdiction supported by affidavits or other evidence." *Nichols v. Merit Sys. Prot. Bd.,* 625 F. App'x 987, 991 (Fed. Cir. 2015) (citations omitted).

We conclude that the Board lacked jurisdiction over Mr. Adams's appeal because Mr. Adams failed to present a justiciable claim supported by affidavits or other evidence. Mr. Adams did not present—then or now—any allegation or evidence that his purported reassignment resulted in a reduction in grade or pay. Mr. Adams also failed to proffer competent evidence or sufficient argument to support his various theories in support of his claims. Mr. Adams has the burden to establish jurisdiction through non-frivolous allegations, which he failed to carry in this case.[2]

The Board's final order is supported by substantial evidence, not arbitrary or capricious, and in accordance with law. We *affirm* the Board's final order.

**AFFIRMED**

COSTS

No costs.

---

[2] Mr. Adams also raises various arguments that have been disposed of in other cases. Our 2010 decision held that the agency did not err in declining to retain Adams or transfer him to another position. *Adams v. Dep't of Def.*, 371 F. App'x at 96. A discrimination claim originally brought at the EEOC has been transferred to district court. *Adams v. Dep't of Def.*, No. 15-3161 (Fed. Cir. Sep. 3, 2015) (order transferring case to E.D. Va.). A petition for writ of mandamus directing the Board to rule on Adams's Voluntary Early Retirement Authority request was denied. *In re Adams*, No. 16-101 (Fed. Cir. Dec. 22, 2015) (order).