# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHARLES DERECK ADAMS,
               Appellant,

    v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBERS
DC-3443-17-0431-I-1
DC-3343-17-0432-I-1
DC-0752-17-0433-I-1
DC-3443-17-0643-I-1[1]

DATE: January 5, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Charles Dereck Adams, Herndon, Virginia, pro se.

James J. Delduco, Esquire, and Michael Colopy, Esquire, Redstone
    Arsenal, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] We have joined these cases for adjudication based on our determination that doing so will expedite processing of the cases and will not adversely affect the interests of the parties. 5 C.F.R § 1201.36(a)(2), (b).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1　　The appellant has filed petitions for review of the initial decisions, the first of which indicated above was dismissed as barred by res judicata, the second and fourth of which were dismissed for lack of jurisdiction, and the third of which was dismissed as barred by collateral estoppel.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision was not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2　　The appellant was a GS-15 Information Technology (IT) Specialist with the agency's Missile Defense Agency (MDA).  On January 29, 2009, he was reassigned to a GS-15 IT Specialist at the Pentagon but was very shortly thereafter reassigned back to his position at MDA.  A Board administrative judge dismissed the appellant's appeal of that action for lack of jurisdiction, *Adams v. Department of Defense*, MSPB Docket No. DC-3443-15-0768-I-1, Initial Decision at 1, 3 (July 15, 2015), the full Board denied the appellant's petition for review, *Adams v. Department of Defense*, MSPB Docket No. DC-3443-15-0768-I-

1, Final Order, ¶ 1 (Oct. 27, 2015), and the U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision, *Adams v. Department of Defense*, 651 F. App'x 993 (Fed. Cir. 2016).

¶3        The appellant was indefinitely suspended continuously from June 15, 2009, based on his loss of access to classified information. That action was upheld on appeal, *Adams v. Department of Defense*, MSPB Docket No. DC-0752-09-0620-I-1, Initial Decision at 1, 6 (Aug. 12, 2009), the Board denied the appellant's petition for review of that decision, *Adams v. Department of Defense*, MSPB Docket No. DC-0752-09-0620-I-1, Final Order at 2 (Sept. 23, 2009), and the Federal Circuit affirmed the Board's decision, *Adams v. Department of Defense*, 371 F. App'x 93 (Fed. Cir. 2010). The appellant was removed effective June 29, 2010, for failure to maintain a security clearance with access to Sensitive Compartmented Information, necessary to perform the duties of his position. On appeal, a Board administrative judge affirmed the agency's action. *Adams v. Department of Defense*, MSPB Docket No. DC-0752-10-0741-I-1, Initial Decision at 1, 5 (Sept. 28, 2010). Earlier, on April 20, 2010, the appellant submitted an application for immediate retirement, which the agency denied on the basis that he did not meet the requirements for such. On appeal, the appellant argued that the agency denied his request for early retirement under the agency's Voluntary Early Retirement Authority (VERA) and that the denial was the result of discrimination and retaliation. The administrative judge dismissed that appeal for lack of jurisdiction. *Adams v. Department of Defense*, MSPB Docket No. DC-3443-10-0711-I-1, Initial Decision at 1, 4 (Sept. 22, 2010). The Board joined for adjudication the appellant's petitions for review of those two decisions and denied both. *Adams v. Department of Defense*, MSPB Docket Nos. DC-0752-10-0741-I-1 and DC-0752-10-0711-I-1, Final Order (Mar. 4, 2011). The Federal Circuit affirmed the Board's decision as to the appellant's removal. *Adams v. Department of Defense*, 688 F.3d 1330, 1334 (Fed. Cir. 2012). Notwithstanding, the appellant filed another appeal challenging his indefinite suspension and

removal. The administrative judge dismissed that appeal as barred by res judicata, and the full Board denied the appellant's petition for review of that initial decision. *Adams v. Department of Defense*, MSPB Docket No. DC-0752-14-1033-I-1, Final Order, ¶ 1 (Apr. 30, 2015).

## ANALYSIS

¶4  The four appeals here joined for review all relate to the actions and/or the time frame described above. We address each appeal in turn.

MSPB Docket No. DC-3443-17-0431-I-1

¶5  In this appeal, the appellant alleged that he was improperly suspended without pay for a year prior to his "unlawful[]" removal and that the agency violated his due process rights by "Not Treating Me as Innocent Until Proven Guilty." 0431 Initial Appeal File (0431 IAF), Tab 1 at 4. The appellant alleged that the agency's action was motivated by age and race discrimination, *id.*, and he requested a hearing, *id.* at 2.

¶6  Noting the appellant's previous appeals of his indefinite suspension and removal, the administrative judge directed him to show why this appeal should not be barred by res judicata. 0431 IAF, Tab 3. In response, the appellant argued that the current appeal was not a duplication of his previous appeals, and he alleged that the agency denied him due process, committed various prohibited personnel practices, and willfully withheld evidence. 0431 IAF, Tabs 4-5, 7.

¶7  In an initial decision based on the written record, the administrative judge dismissed the appeal as barred by res judicata. 0431 IAF, Tab 8, 0431 Initial Decision (0431 ID) at 1, 4. He found that: (1) an indefinite suspension of more than 14 days is an action over which the Board has jurisdiction, and both the Board and Federal Circuit were fora of competent jurisdiction; (2) the latter rendered a final judgment on the merits of the indefinite suspension; (3) the same cause of action, the propriety of the indefinite suspension, was at issue in both the prior appeal and the current one; and (4) both the appellant and the agency were

parties to the prior action. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 5 (2003); 0431 ID at 3. The administrative judge further found that the appellant's claims of denial of due process and agency wrongdoing in allegedly withholding evidence did not preclude the application of res judicata and that the Board cannot consider the appellant's alleged prohibited personnel practices in the absence of jurisdiction. 0431 ID at 4.

¶8        On review, the appellant references the Federal Circuit's decision, which found that his VERA claim was within the Board's jurisdiction under 5 U.S.C. § 8461 because it concerned employment rights and benefits, *Adams*, 688 F.3d at 1336, and he argues that, based on that decision, the instant appeal is within the Board's jurisdiction. 0431 Petition for Review (PFR) File, Tab 1 at 4. Here, it is undisputed that the Board has jurisdiction over an appeal of an indefinite suspension. However, the instant appeal was dismissed under the doctrine of res judicata; thus, the appellant's jurisdictional arguments are inapposite. Moreover, the appellant has not shown that the court's decision finding Board jurisdiction over his VERA claim has any bearing on the action here at issue. Nor has he shown that the administrative judge erred in finding that this appeal is barred by res judicata. *Corpuz v. Office of Personnel Management*, 100 M.S.P.R. 560, ¶ 3 (2005).

¶9        The appellant also appears to argue on review that the agency's decision is based on discrimination. 0431 PFR File, Tab 1 at 7, Tab 3. As noted, the administrative judge found that, absent jurisdiction, the Board cannot adjudicate prohibited personnel practices. 0431 ID at 4. In fact, however, the administrative judge correctly found that the Board has jurisdiction over the appellant's indefinite suspension. *Id.* at 3. Even so, it remains true that the Board lacks the authority to review the appellant's discrimination claims because it lacks the authority to review the merits of an action that is based on a suspension or revocation of access to classified material. *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010). The Federal Circuit made such a finding in its

decision affirming the Board's decision sustaining the appellant's indefinite suspension. *Adams*, 371 F. App'x at 95-96. In any event, to the extent the administrative judge erred, any such error did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The administrative judge correctly found that the appellant is precluded by res judicata from relitigating his indefinite suspension, and that bar includes his related claims of discrimination. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶10    The appellant argues on review that he was denied a hearing. 0431 PFR File, Tab 1 at 6. Because the material facts relevant to the dispositive res judicata issue are undisputed, we find that the administrative judge did not err in declining to conduct a hearing. *Adams v. Department of Defense*, MSPB Docket No. DC-0752-14-1033-I-1, Final Order, ¶ 8 (Apr. 30, 2015).

¶11    It is unclear from the appellant's petition for review whether, in addition to his indefinite suspension, he is also challenging his removal. To the extent that he is, however, he has not shown that the administrative judge erred in finding that, for the same reasons, any such appeal is also barred by res judicata.[3] 0431 ID at 2-3.

MSPB Docket No. DC-3443-17-0432-I-1

¶12    In this appeal, the appellant alleged that the agency improperly lowered his performance rating by two levels and gave him a "1" rating without placing him on a performance improvement plan (PIP). 0432 IAF, Tab 1 at 4. He also claimed that the agency discriminated and retaliated against him, *id.*, and he requested a hearing, *id.* at 5.

¶13    The administrative judge advised the appellant that the Board lacks jurisdiction to adjudicate an appeal of an employee's performance evaluation and

---

[3] It appears that, in this petition for review, the appellant is challenging the initial decision in another of his appeals, MSPB Docket No. DC-3443-17-0432-I-1. 0431 PFR File, Tab 1 at 5. Therefore, we do not address those concerns here.

that placement on a PIP is a prerequisite to the agency's taking a performance-based action under 5 U.S.C. chapter 43, and he ordered the appellant to file evidence and argument showing a nonfrivolous allegation of Board jurisdiction. 0432 IAF, Tab 3. In response, the appellant argued that the agency took these actions because of his race and age and described the actions as unfair, unethical, immoral, and wrong, as well as violative of undescribed policies, procedures, rules, regulations, laws, and statutes. 0432 IAF, Tab 4 at 6. He also argued that the agency willfully withheld vital evidence "that would have changed MSPB's decision." *Id.* at 7. He submitted a copy of the Federal Circuit's decision finding Board jurisdiction over his VERA claim. *Id.* at 17. The agency urged that the appeal be dismissed for lack of jurisdiction. 0432 IAF, Tab 6.

¶14 In an initial decision based on the written record, the administrative judge found that the Board lacks jurisdiction to adjudicate an appeal of an employee's performance evaluation under the provisions of chapter 75, 0432 IAF, Tab 8, 0432 ID at 2, and found that the appellant's allegations of prohibited personnel practices fail to establish the Board's jurisdiction over the appeal, 0432 ID at 3. As such, the administrative judge dismissed the appeal for lack of jurisdiction. 0432 ID at 1, 3.

¶15 On review, the appellant again argues that the Board has jurisdiction over his appeal because of the Federal Circuit's decision finding Board jurisdiction over his VERA claim. 0432 PFR, Tab 1 at 4-5. As noted previously, the court found Board jurisdiction over that claim under 5 U.S.C. § 8461(e) because it provides that an administrative action or order affecting the rights or interests of an individual under chapter 84 of the U.S. Code (Federal Employees' Retirement System) may be appealed to the Board. *Adams*, 688 F.3d at 1336. The appellant has not shown, nor is it otherwise apparent, that the court's decision is controlling over the matter here at issue.

¶16    Although the appellant argues the merits of the agency's decisions regarding his performance evaluation, 0432 PFR File, Tab 1 at 7, Tab 2 at 4, any such arguments may not be heard absent Board jurisdiction over his appeal. He also argues that he was improperly denied a hearing. 0432 PFR File, Tab 1 at 5-6. However, because he failed to make a nonfrivolous allegation that the Board has jurisdiction over his appeal, he is not entitled to a hearing, and therefore the administrative judge did not err in deciding this case on the written record. *Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 13 (2009).

¶17    The appellant argues that there is new and material evidence that, despite his due diligence, was not available when the record closed. 0432 PFR File, Tab 1 at 6. The evidence, which the appellant has not submitted, appears to relate to his claim that the agency improperly withheld evidence in connection with one of the appeals he filed in 2009. *Id.* at 5-6; 0432 PFR File, Tab 2 at 10-11. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Moreover, the Board ordinarily will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has not shown that any such evidence is new or material to the matter at issue in this appeal.[4]

---

[4] The appellant also urges that the U.S. District Court for the Eastern District of Virginia erred when it upheld "the MSPB decision." 0432 PFR File, Tab 1 at 7. The appellant has not further identified any such decision, and our research does not reveal one. Even if it exists, the appellant has not shown that such a decision has any relevance to the matter at issue.

MSPB Docket No. DC-0752-17-0433-I-1

¶18     In this appeal, the appellant alleged that the agency unlawfully lowered his salary, reducing his pay, when it "pulled [him] back" from a position at the Pentagon for which he had been selected.  0433 IAF, Tab 1 at 4.  He requested a hearing.  *Id.* at 2.

¶19     Noting that the Board already had considered the matter in a prior appeal, which it dismissed for lack of jurisdiction, the administrative judge ordered the appellant to show why this appeal should not be dismissed as barred by collateral estoppel.  0433 IAF, Tab 8.  In his response, the appellant argued that the current appeal was new and that the "violation" had not been addressed in any of his prior appeals.  0433 IAF, Tab 9.  He also argued that this appeal concerns discrimination and retaliation by the agency, which withheld "vital evidence." *Id.* at 5-6; 0433 IAF, Tabs 10-11.  The agency urged that the appeal be dismissed. 0433 IAF, Tab 12.

¶20     In an initial decision based on the written record, the administrative judge dismissed the appeal as barred by collateral estoppel.  0433 IAF, Tab 13, 0433 Initial Decision (0433 ID) at 1, 4.  He found that:  (1) the current issue is identical to the issue involved in the prior action wherein the appellant challenged the agency action in reducing him in pay when it reassigned him to his former position; (2) the administrative judge dismissed that appeal for lack of jurisdiction and that decision was affirmed by the Board and by the Federal Circuit; (3) the previous jurisdictional determination was necessary to the final judgment against the appellant; and (4) he had a full and fair opportunity to litigate the issue before the Board and the Federal Circuit.  *McNeil v. Department of Defense*, [100 M.S.P.R. 146](#), ¶ 16 (2005); 0433 ID at 2-3.

¶21     The appellant challenges the initial decision on review but does not address the dispositive issue of collateral estoppel.  0433 PFR File, Tabs 3-4.  The agency has responded, urging that the petition for review be denied.  0433 PFR File, Tab 7.

¶22　　　The Board has found that collateral estoppel should be applied to previously adjudicated jurisdictional issues, so as to preclude their relitigation. *Peartree*, 66 M.S.P.R. at 338. Here, the administrative judge correctly found that the current appeal raises a jurisdictional claim identical to the claim raised in the appellant's prior appeal; that is, that he was reduced in pay when the agency "pulled [him] back" from a position for which he had been selected. In the prior appeal, the Board found that the appellant failed to nonfrivolously allege that the agency's action in "pulling [him] back" from the IT Specialist position to which he had been reassigned is a matter over which the Board has jurisdiction under 5 U.S.C. § 7512, *Adams*, MSPB Docket No. DC-3443-15-0768-I-1, Final Order, ¶ 8, and the Federal Circuit affirmed the Board's decision, *Adams,* 651 F. App'x at 995. The jurisdictional issue was litigated in the former appeal, and that issue was necessary to the resulting judgment to dismiss the appeal for lack of jurisdiction. Moreover, the appellant, as a party to the former appeal, had a full and fair opportunity to litigate the jurisdictional issue. Therefore, the appellant has not shown that the administrative judge erred in finding that he is collaterally estopped from relitigating his jurisdictional claim that he was reduced in pay when he was reassigned back to his position, and the claim is, as in the former appeal, dismissed for lack of jurisdiction.[5] *McNeil*, 100 M.S.P.R. 146, ¶ 19.

MSPB Docket No. DC-3443-17-0643-I-1

¶23　　　In this appeal, the appellant argued that the agency obstructed justice when it intentionally withheld evidence during one of his early appeals. 0643 IAF,

---

[5] The appellant filed his petition for review in this case approximately 60 days after the filing deadline. 0433 PFR File, Tab 3. The Office of the Clerk of the Board directed him to file a motion to: (1) accept the filing as timely; and/or (2) waive the time limit for good cause. 0433 PFR File, Tab 5. The agency moved that the appellant's petition for review be dismissed as untimely filed, 0433 PFR File, Tab 6, and the appellant responded to the Office of the Clerk of the Board's letter regarding the timeliness of his petition and in opposition to the agency's motion, 0433 PFR File, Tab 7. Because of our finding above that the appeal was properly dismissed as barred by collateral estoppel, we have made no findings on whether the petition for review was timely filed.

Tab 1. He requested a hearing. *Id.* at 2. The administrative judge advised the appellant that the Board may not have jurisdiction over such an action and of the limited exceptions to the rule that the Board may not address matters over which it otherwise lacks jurisdiction.[6] The administrative judge ordered the appellant to file evidence and argument that the action is within the Board's jurisdiction. 0643 IAF, Tab 2. The appellant submitted a pleading that was substantially similar to his appeal but did not address the jurisdictional issue to which the administrative judge alerted him. 0643 IAF, Tab 3.

¶24    In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. 0643 IAF, Tab 4, 0643 Initial Decision (0643 ID) at 1, 3.

¶25    The appellant has filed a petition for review, 0643 PFR File, Tab 1, and a supplement, PFR File, Tab 2. The agency has responded in opposition to the appellant's petition, PFR File, Tab 4, and the appellant has replied to the agency's submission, PFR File, Tabs 5-7.

¶26    In his petition, the appellant raises the same arguments as in his petitions for review in the other cases here joined. Specifically, he argues that the Board has jurisdiction over this appeal based on the Federal Circuit's decision finding Board jurisdiction over his VERA claim, that the agency obstructed justice by withholding evidence relevant to one of his 2009 appeals, 0643 PFR File, Tab 2 at 9-15, Tab 5, and that it discriminated and retaliated against him, 0643 PFR File, Tab 1 at 5-8, Tab 2 at 5, 15-18, and committed other prohibited personnel practices, 0643 PFR File, Tab 2 at 7-8, Tab 6 at 7-9. He also argues that the administrative judge erred in denying him a hearing. 0643 PFR File, Tab 2 at 7.

---

[6] The administrative judge explained that the appellant could allege that the agency's action was in retaliation for protected whistleblowing activity or that it was the product of discrimination based on uniformed service or violative of his veterans' preference rights. 0643 IAF, Tab 2.

¶27    Notwithstanding the appellant's claims on review, he has not shown that the administrative judge erred in dismissing this appeal for lack of jurisdiction. It is well established that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *See, e.g.*, *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 5 (2010). The appellant has failed to make a nonfrivolous allegation that there is a statutory or regulatory basis upon which the Board may review his claims against the agency. As we previously have noted, he has not shown that the court's decision finding Board jurisdiction over his VERA claim is controlling over the matter at issue. Nor has he shown that any action allegedly taken by the agency during adjudication of an appeal he filed in 2009 has any bearing on the jurisdictional issue presented in this appeal. Absent an appealable action, the Board lacks jurisdiction to consider the appellant's allegations of discrimination, retaliation, and other prohibited personnel practices. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction). And, because the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over this appeal, the administrative judge did not err in deciding this case on the written record.[7] *Upshaw*, 111 M.S.P.R. 236, ¶ 13.

---

[7] The appellant has filed motions for summary judgment in the above cases seeking a ruling in his favor because of delays resulting from the Board's continued lack of quorum. 0431 PFR File, Tab 8; 0432 PFR File, Tab 6; 0433 PFR File, Tab 12; 0643 PFR File, Tab 11. Specifically, he alleges that he is being denied his Constitutional right to a speedy adjudication of his cases. *Id.* However, the right to a speedy and public trial as provided for in the 6th Amendment of the Constitution applies to criminal prosecutions, and therefore any such right is not implicated in a proceeding before the Board. *Biddle v. Department of the Treasury*, 63 M.S.P.R. 521, 529 (1994) (finding that 6th Amendment rights were not implicated because the individual was not subjected to a custodial interrogation). Moreover, the Board's procedures do not allow for summary judgment. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25. Therefore, the appellant's motions are denied.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.